Filed 7/16/14  P. v. Guzman CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFONSO GUZMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B250818<br>(Super. Ct. No. SA083944)<br>(Los Angeles County) |

Alfonso Guzman was charged with one count of attempted first degree residential burglary (Pen. Code, §§ 459, 664),[1] one count of petty theft (§ 484, subd. (a)), and one count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)). The information further alleged that Guzman had suffered a prior strike conviction (§§ 667, subds. (a)(1), (b)-(i), 1170.12) and four prior convictions resulting in prison terms (§ 667.5, subd. (b)). Guzman brought an unsuccessful *Romero* motion[2] and *Marsden* motion.[3] Following a jury trial, Guzman was convicted on all three counts. He admitted the prior conviction allegations.

The trial court sentenced Guzman to an aggregate term of 10 years 10 months in state prison, with 233 days of presentence custody credit. On count one for

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)

[3] (*People v. Marsden* (1970) 2 Cal.3d 118.)

attempted burglary, the court selected the middle term of two years as the base term, doubled as a second strike offense (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(e)), plus five years based on the prior serious felony conviction (§ 667, subd. (a)(1)), for a total of nine years.  On count two for petty theft, the court sentenced Guzman to six months in jail to run consecutively.  On count three for unlawful driving or taking of a vehicle, the court selected one-third of the middle term of two years, or eight months, doubled as a second strike offense, for a total of 16 months to run consecutively.  The court stayed a one-year sentence enhancement for one prior conviction (§ 654) and struck additional punishment for three others (§ 1385, subd. (c)).  The court imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), $1,000 in victim restitution (§ 1202.4, subd. (f)), a $280 restitution fine (§ 1202.4, subd. (b)), and a suspended $280 parole revocation restitution fine (§ 1202.45).

On April 14, 2013, Holly Mosher spotted Guzman inside a gated area at her residence.  Guzman was crouched down next to the garage entrance.  When Mosher asked him what he was doing, he responded that he was "taking a leak" and exited the property.  Mosher took his picture and investigated the area where he had been crouching.  She did not see any liquid but noticed that the cord holding together the tarp that covered her garage had been cut.  The entire incident was captured on video by a security camera.

On April 20, 2013, Guzman took two bicycles belonging to Adrienne Burgess and her boyfriend from the parking lot in their residential building.  This incident was also captured by a security camera.

On the night of April 23, 2013, Rito Moran parked his pickup truck and left it on the street unlocked.  Guzman entered the vehicle, drove it around, and later parked it in a different location.  He removed the stereo and jumper cables.  After being apprehended by the police, Guzman admitted that he was the person on the security camera videos and the person who had taken Moran's car.  Guzman told the police that he had sold the bikes and the truck stereo.

2

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On March 4, 2014, we notified Guzman that he had 30 days in which to advise us of any claims he wished us to consider.  No response has been received.

We have reviewed the entire record and are satisfied that Guzman's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:



GILBERT, P. J.



YEGAN, J.

3

Mark E. Windham, Judge

Superior Court County of Los Angeles
_____


Kevin Michele Finkelstein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.